UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22556-Civ-COOKE/TURNOFF

PHILIPPE LAGACE, Individually and On
Behalf of All Others Similarly Situated,

        CLASS ACTION

    Plaintiff,

  v.

JIANGBO PHARMACEUTICALS, INC., JIN
LINXIAN, ELSA SUNG, ZILING SUN, CAO
WUBO, FENG XIAOWEI, HUANG LEI, GE
JIAN, MICHAEL MARKS, and JOHN
WANG,

    Defendants.                              /

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CHRISTOPHER BROPHY AND TARA LEWIS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND..................................................................................2

III. CHRISTOPHER BROPHY AND TARA LEWIS SHOULD BE APPOINTED
    LEAD PLAINTIFFS................................................................................................4

    A. The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met...................5

    B. Christopher Brophy and Tara Lewis Satisfy the Lead Plaintiff
       Requirements of the PSLRA..................................................................................6

        1. Christopher Brophy and Tara Lewis Have the Requisite Financial
           Interest in the Relief Sought By the Class ......................................................6

        2. Christopher Brophy and Tara Lewis Otherwise Satisfy Rule 23..................7

IV. CHRISTOPHER BROPHY AND TARA LEWIS'S CHOICE OF LEAD
    COUNSEL SHOULD BE APPROVED..................................................................9

V. CONCLUSION......................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Babcock v. Computer Assocs. Int'l, Inc.*,
    212 F.R.D. 126 (E.D.N.Y. 2003) ................................................................................... 7, 8

*Bang v. Acura Pharms., Inc.*,
    No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550 (N.D. Ill. Jan. 11, 2011) ............................ 8

*Durgin v. Tousa, Inc.*,
    No. 06-61844-CIV-MARRA, 2008 U.S. Dist. LEXIS 76315 (S.D. Fla. July 14, 2008) ......... 1

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .......................................................................................... 10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ............................................................................................. 6

*In re Rite Aid Corp. Sec. Litig.*,
    269 F. Supp. 2d 603, 611 (E.D. Pa. 2003) ..................................................................... 11

*Miller v. Dyadic Int'l, Inc.*,
    No. 07-CV-80948, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) ............... 5, 6

*Murray v. Auslander,*
    244 F.3d 807 (11th Cir. 2001) ......................................................................................... 7

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ...................................................................................... 1

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................. 5, 7

*Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ..................................................................................... 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) .............................................................................. 6

**STATUTES**

Fed. R. Civ. P. 23 ................................................................................................... 1, 5, 7, 9

15 U.S.C. § 78u-4(a)(1) ................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A) and (B) .......................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) ..............................................................................................9, 10

15 U.S.C. § 78u-4(e) .................................................................................................................5

I.     **INTRODUCTION**

Christopher Brophy and Tara Lewis (collectively "Movants") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (i) appointing Movants as Lead Plaintiffs; (ii) approving Movants' selection of Milberg LLP ("Milberg") and Wohl & Fruchter LLP ("Wohl & Fruchter") as Lead Counsel for the Class and in any subsequently filed and/or related cases; and (iii) granting such other and further relief as the Court may deem just and proper.

Pursuant to the PSLRA, the Court should appoint as lead plaintiff the movants with the largest financial interest in the relief sought by the Class who also meet the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("the most important factor in determining the lead plaintiff is the amount of financial interest claimed"); *see also Durgin v. Tousa, Inc.*, No. 06-61844-CIV-MARRA, 2008 U.S. Dist. LEXIS 76315, at *5-6 (S.D. Fla. July 14, 2008) ("there is a rebuttable presumption that the person or entity with the largest financial interest is the most adequate plaintiff") (internal citations omitted). During the Class Period,[1] Movants lost approximately $293,459 due to defendants' misconduct. Movants believe that they have the largest financial interest among all movants, are typical, and will more than adequately represent the interests of

---

[1] The class period set forth in the two related complaints filed in this Court differ slightly: the longer class period is May 17, 2010 through May 31, 2011, and the shorter class period began June 8, 2010, the day that the relevant securities began trading on the NASDAQ Global Market ("NASDAQ"). Movants' financial interest is the same regardless of which class period is utilized.

the Class.[2]  Mr. Brophy and Ms. Lewis's selection of Milberg and Wohl & Fruchter as Lead Counsel should be approved by the Court because Milberg and Wohl & Fruchter have extensive experience in securities class action litigation and will adequately represent the Class.

## II.   FACTUAL BACKGROUND[3]

This securities class action is brought against Jiangbo Pharmaceuticals, Inc. ("Jiangbo" or the "Company"), and certain of the Company's officers and directors for violations of the Exchange Act.[4]

Jiangbo is a pharmaceutical company based in the People's Republic of China (the "PRC" or "China"), which allegedly engages in research, development, production, marketing, and sales of pharmaceutical products. The Company is incorporated in Florida and its operations are based in Laiyang City, Shandong Province, China.

In June 2010, Jiangbo began trading on the NASDAQ exchange, however, less than a year later, on May 31, 2011, NASDAQ halted its trading following disclosures of serious

---

[2]  The PSLRA prescribes the procedure for the selection of lead plaintiff and lead counsel, and mandates a deadline of September 14, 2011.  *See infra* at 4.

[3] The factual allegations are from the complaint captioned *Lewis v. Jiangbo Pharmaceuticals, Inc.*, No. 1:11-CV-22788-MGC (S.D. Fla. filed Aug. 2, 2011).  On August 31, 2011, after transfer to this Court, the Honorable Marcia Cooke ordered that the *Lewis* action be administratively closed and consolidated with the above-captioned, lower-numbered, related action [ECF No. 6 in the *Lagace* action].

[4]  Individual defendants to the actions include Linxian Jin, who has served as the Company's Chief Executive Officer ("CEO") since July 1, 2010; Elsa Sung, who served as the Company's Chief Financial Officer ("CFO") from 2007 until her resignation on March 31, 2011; Ziling Sun, who has served as interim CFO since May 12, 2011; Wubo Cao, who founded the Company and has served as Chairman of the Board since October 2007 and served as CEO until June 30, 2010; Feng Xiaowei, who has served as a director of the Company and Audit Committee at all relevant times; Huang Lei, who has served as a director of Jiangbo at all relevant times; Ge Jian, who has served as a director of the Company at all relevant times; Michael Marks, who has served as a director of Jiangbo at all relevant times; and John Wang, who has served as a director of the Company at all relevant times.

financial misconduct. On May 27, 2011, just prior to the halting of the share trading, the Company first disclosed an ongoing investigation by the Securities and Exchange Commission ("SEC") that had begun in December 2010.

On June 7, 2010, the Company filed a Form 8-K announcing the resignation of the independent members of the Audit Committee (the "Audit Committee") of the Company's Board of Directors (the "Board"). The Form 8-K attached a 23-page letter from the Audit Committee, detailing the Company's refusal to cooperate with the Audit Committee's investigation. According to the Audit Committee, the Company's CEO, Jin, and Chairman, Cao, refused to provide materials to the Audit Committee's forensic accountants and counsel.

Moreover, the Audit Committee also concluded that "the manner and timing of the Company's payment to the Audit Committee's advisers ([Cadwalader Wickersham & Taft LLP] and [Ernst & Young (China) Advisory Limited]) raised additional serious concerns regarding the veracity or correctness of banking information provided by the Company and regarding the Company's ability and willingness to pay for necessary costs related to the internal investigation."

Specifically, despite reporting more than $147 million in cash and equivalents as of March 31, 2011, the Company missed scheduled payments to the Audit Committee's counsel and accountants. When the payments were belatedly made, they were from the personal account of a Jiangbo employee.

The Company's stock last traded at $3.08 before it was halted on May 31, 2011. After receiving a July 26, 2011, notice of delisting from NASDAQ, the Company publicly disclosed that it would not appeal NASDAQ's delisting. The Company's shares began trading over-the-counter at $0.34 on August 4, 2011.

**III.     CHRISTOPHER BROPHY AND TARA LEWIS SHOULD BE APPOINTED LEAD PLAINTIFFS**

The PSLRA establishes a procedure that governs the appointment of lead plaintiffs in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and 15 U.S.C. § 78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the Class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the plaintiff in the first-filed action caused notice to be published on the Marketwire service on July 16, 2011. *See* Declaration of Christopher S. Polaszek ("Polaszek Decl."), Ex. A (PSLRA Notice).

Second, within 60 days of publishing the notice, any person or group of persons who are members of the proposed Class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a) (3)(A) and (B).

Pursuant to the PSLRA, the lead plaintiff should be the member or members of the Class that the court determines to be the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See generally Miller v. Dyadic Int'l, Inc.*, No. 07-CV-80948, 2008 U.S. Dist. LEXIS 32271, at *8-9 (S.D. Fla. Apr. 18, 2008); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403-04 (S.D.N.Y. 2004).

Movants believe that their loss of $293,459 due to Defendants' wrongful conduct represents the largest financial interest among the movants.[5]  Movants are also typical of the Class and will more than adequately represent the interests of the Class as required under Fed. R. Civ. P. 23.  *See* Polaszek Decl., Exs. B, C and D (Certifications and Loss Charts).  As discussed in further detail below, because Mr. Brophy and Ms. Lewis satisfy the requirements of the PSLRA, the Court should appoint them as Lead Plaintiffs.

### A. The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met

The time period in which class members may move to be appointed lead plaintiff in this case expires on September 14, 2011.  *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Movants' application, filed September 14, 2011, is thus timely.  Movants have reviewed a complaint against Jiangbo.  Both are willing to serve as representative parties on behalf of the Class.  *See* Polaszek Decl., Exs. B, C, and E (Certifications and Joint Declaration).  In addition, Mr. Brophy and Ms. Lewis have selected and retained competent counsel to represent them and the Class.  *See* Polaszek Decl., Exs. F and G (firm résumés of Milberg and Wohl & Fruchter).

Accordingly, Mr. Brophy and Ms. Lewis have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs, and their selection of Milberg and Wohl & Fruchter as Lead Counsel, approved by the Court.

---

[5] This loss amount is based on the assumption that the current value of the stock is $0.3415, which is the average amount that its over-the-counter shares have been trading at since August 4, 2011, the day Jiangbo started trading over-the-counter. *See* 15 U.S.C. § 78u-4(e).

5

**B.     Christopher Brophy and Tara Lewis Satisfy the Lead Plaintiff Requirements of the PSLRA**

**1.     Christopher Brophy and Tara Lewis Have the Requisite Financial Interest in the Relief Sought by the Class**

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Miller*, 2008 U.S. Dist. LEXIS 32271, at *9. The Movants believe that they have the requisite largest financial interest.

The PSLRA does not prescribe a particular method for calculating the largest financial interest. In other PSLRA actions, courts have utilized the following four factors to determine financial interest: (1) the number of shares purchased, (2) the number of net shares purchased, (3) the amount of net funds expended, and (4) the approximate monetary loss. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008).

Mr. Brophy's and Ms. Lewis's financial interests reflecting these factors are presented below:

|  | Total Shares Purchased during the Class Period | Number of Class Period Shares sold | Net Shares Purchased | Money spent | Money from Shares sold in CP | Net Funds Expended | Approximate FIFO Loss (based on $0.3415 holding price) |
|---|---|---|---|---|---|---|---|
| **Christopher Brophy** | 58,175 | 0 | 58,175 | $235,495.08 | $0.00 | $235,495.08 | $215,629.58 |
| **Tara Lewis** | 30,935 | 14,135 | 16,800 | $167,191.50 | $83,625.20 | $83,566.30 | $77,829.47 |

Mr. Brophy and Ms. Lewis believe that their trading in Jiangbo shares and the losses from such investments are greater than those of all other qualified movants seeking appointment as lead plaintiff.

6

### 2. Christopher Brophy and Tara Lewis Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; and (4) the representative parties will fairly and adequately protect the interests of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the Class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of other class members. *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) ("A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)"); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412; *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean that the claims must be identical. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412.

Mr. Brophy and Ms. Lewis satisfy this requirement because, just like all other class members, they: (1) purchased Jiangbo common stock at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (2) suffered damages thereby.

Under Rule 23(a)(4), class representatives must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met

7

by: (1) the absence of potential conflicts between the proposed lead plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Babcock*, 212 F.R.D. at 131 (citation omitted).

Here, Mr. Brophy and Ms. Lewis are adequate representatives of the Class. They are open-market purchasers of Jiangbo stock and, as evidenced by the injury suffered by Mr. Brophy and Ms. Lewis, the interests of Mr. Brophy and Ms. Lewis are clearly aligned with the interests of the other members of the Class, and there is no evidence of any antagonism between Mr. Brophy's and Ms. Lewis's interests and those of the other members of the Class.

Mr. Brophy's and Ms. Lewis's significant financial interest in the matter clearly aligns them with the interests of the other members of the Class and will ensure "zealous advocacy," such that the interests of all class members are adequately represented. *See Bang v. Acura Pharms., Inc.*, No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550, at *12 (N.D. Ill. Jan. 11, 2011) (appointing a group of three investors, noting that the group "represents a presumptively effective group."); *see also Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (The court has the discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors under the PSLRA).

Not only is there no evidence of antagonism between Mr. Brophy and Ms. Lewis and the other Class members, but Mr. Brophy and Ms. Lewis have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss of approximately $293,459 that they have suffered as a result of the wrongful conduct alleged in this action. Like all class members, Mr. Brophy and Ms. Lewis purchased Jiangbo stock during

8

the Class Period at times when the price of Jiangbo stock was inflated, and suffered economic harm when the truth was revealed. *See* Polaszek Decl., Ex. D. Mr. Brophy's $215,629.58 loss and Ms. Lewis's $77,829.47 loss indicates they have the incentive to represent the claims of the class vigorously. *Id.* This motivation, combined with Mr. Brophy's and Ms. Lewis's identical interests with the members of the Class, demonstrates that they will vigorously pursue the interests of the Class.

Mr. Brophy and Ms. Lewis have submitted sworn certifications confirming their desire, willingness, and ability to serve as Lead Plaintiffs. *See* Polaszek Decl., Exs. B and C. In addition, as discussed in their Joint Declaration, Polaszek Decl., Ex. E, Mr. Brophy and Ms. Lewis have discussed this action and the present motion with each other and elected to move jointly for appointment as Lead Plaintiffs after due consideration. The Joint Declaration also discusses their intention to take an active role in the prosecution of the case, communicate with each other regularly, and take responsibility for directing counsel with respect to this litigation. *See* Polaszek Decl., Ex. E ¶¶ 7-9.

Mr. Brophy and Ms. Lewis are not subject to unique defenses and are not aware of any conflicts between their claims and those asserted by the Class.

In addition, as shown below, Mr. Brophy and Ms. Lewis have selected law firms that are highly experienced in prosecuting securities class actions to represent them and the Class. Thus, Mr. Brophy and Ms. Lewis *prima facie* satisfy the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

## IV.  CHRISTOPHER BROPHY AND TARA LEWIS'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

As the presumptive Lead Plaintiff, Mr. Brophy and Ms. Lewis's selection of the law firms of Milberg and Wohl & Fruchter to serve as Lead Counsel, pursuant to 15 U.S.C. § 78u-

9

4(a)(3)(B)(v), should be approved by the Court. The Movants' choice of Lead Counsel satisfies the requirements of the PSLRA. Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726, 739 (9th Cir. 2002). Mr. Brophy and Ms. Lewis have selected and retained Milberg and Wohl & Fruchter to serve as Lead Counsel for the Class.

Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Polaszek Decl. Ex. F (firm résumé of Milberg). Milberg has served as lead or co-lead counsel in many high-profile class actions, and has recovered billions of dollars for investors. *See In re Tyco Int'l Ltd. Sec. Litig.*, MDL No. 02-1335-B (D.N.H. 2002) ($3.2 billion); *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y.) ($1.1 billion); *In re Lucent Techs., Inc. Sec. Litig.*, No. 00-CV-621 (D.N.J.) ($600 million settlement); *In re Raytheon Sec. Litig.*, 99-CV-12142 (E.D. Mass.) ($460 million settlement); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million settlement); and *In re Initial Public Offering Sec. Litig.*, No. 21-MC-92 (S.D.N.Y.) in which Milberg, as a member of the court-appointed Plaintiffs' Executive Committee, oversaw the efforts of approximately 60 plaintiffs' firms in 310 consolidated securities actions arising from an alleged market manipulation scheme. In granting final approval to a $586 million settlement on October 5, 2009, the court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop." *See also* Polaszek Decl. Ex. F.

Milberg has the resources required to lead this complex litigation to conclusion. Milberg has over 70 lawyers with a variety of professional backgrounds, including former judges, professors, prosecutors, private defense attorneys, and government lawyers. Milberg's professional staff also includes a team of full-time investigators, who are managed by a 27-year veteran of the Federal Bureau of Investigation, and full-time forensic accountants. In one case, Milberg's investigative team assisted counsel in being "at least eighteen months ahead of the United States Department of Justice in ferreting out" the challenged unlawful conduct. *In re Rite Aid Corp. Sec. Litig.*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003). Milberg also has a team of in-house electronic discovery experts. This in-house discovery capability provides the attorneys on the case with immediate access to and control over the discovery process not available with outside vendors, and keeps costs down. Milberg's staying power is demonstrated by its track record and is reflective of its resources.

Similarly, Wohl & Fruchter focuses on the representation of plaintiffs in securities and other complex litigation, and its managing partner, Ethan Wohl, has litigated numerous securities class actions to successful resolution. *See also* Polaszek Decl. Ex. G (firm résumé of Wohl & Fruchter).

## V.    CONCLUSION

For the reasons stated above, Mr. Brophy and Ms. Lewis satisfy the requirements of the PSLRA for appointment as Lead Plaintiffs in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B), and respectfully request that the Court: (1) appoint them as Lead Plaintiffs; (2) approve their selection of Milberg LLP and Wohl & Fruchter LLP as Lead Counsel in this action and in any subsequently filed and/or related cases; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: September 14, 2011                        Respectfully submitted,

*/s/ Christopher S. Polaszek*
Christopher S. Polaszek
(Fla. Bar No. 0116866)
E-mail: cpolaszek@milberg.com
**MILBERG LLP**
201 North Franklin St., Suite 3200
Tampa, Florida 3302
Telephone: (813) 367-5713
Facsimile: (561) 892-8164

Andrei V. Rado
Kristi Stahnke McGregor
(Fla. Bar No. 0732931)
Jessica J. Sleater
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, New York  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
E-mail:  arado@milberg.com
             kmcgregor@milberg.com
             jsleater@milberg.com

**WOHL & FRUCHTER LLP**
Ethan D. Wohl
(Fla. Bar No. 982210)
570 Lexington Avenue, 16th Floor
New York, New York  10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004
E-mail:  ewohl@wohlfruchter.com

*Counsel for Movants Christopher Brophy and Tara Lewis and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the email addresses indicated on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing via the U.S. Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                       */s/ Christopher S. Polaszek*
                                                       Christopher S. Polaszek

# Mailing Information for a Case 1:11-cv-22556-MGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Emily Cornelia Komlossy**
  ekomlossy@faruqilaw.com,ecf@faruqilaw.com,svernale@faruqilaw.com
- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

### A. Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.
- `(No manual recipients)`