**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. Fla. Bar No. 0182877
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-CV-22556-MGC
Judge: Hon. Marcia G. Cooke
Magistrate Judge: Hon. William C. Turnoff

| | |
|---|---|
| PHILIPPE LAGACE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>vs.<br><br>JIANGBO PHARMACEUTICALS, INC., JIN LINXIAN, ELSA SUNG, ZILING SUN, CAO WUBO, FENG XIAOWEI, HUANG LEI, GE JIAN, MICHAEL MARKS, AND JOHN WANG,<br><br>    Defendants. | CLASS ACTION |

**HENRY LONG'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Movant Henry Long ("Movant"), respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange

Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Mr. Long as Lead Plaintiff for the class of all purchasers of common stock of Jiangbo Pharmaceuticals,, Inc., ("Jiangbo" or the "Company"), during the period from May 17, 2010, through May 31, 2011, inclusive (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On July 15, 2011, the Rosen Law Firm filed the first of these putative class actions against Jiangbo Pharmaceuticals, Inc., ("Jiangbo" or the "Company"), on behalf of purchasers of Jiangbo common stock, against Jiangbo and certain of the Company's executive officers for violations of Section 10(b), SEC Rule 10b-5 thereunder, and Section 20(a) of the Exchange Act.

On July 16, 2011, The Rosen Law Firm, P.A. issued a PSLRA early notice announcing the pendency of the action. The notice also advised class members they had until 60 days from the date of the notice to move to be appointed lead plaintiff. *See* Declaration of Laurence Rosen ("Rosen Decl."), Ex. 1, filed herewith

On August 2, 2011 a substantially similar action was filed in this Court styled as *Lewis v. Jiangbo Pharmaceuticals, Inc. et al.,* 11-CV-22788-MGC. On August 31, 2011 the Court entered an order consolidating the *Lewis* action with this action. Docket no. 6.

Jiangbo purports to be engaged in research, development, production, marketing and sales of pharmaceutical products. The related actions assert violations of the federal securities laws against Jiangbo and its officers and directors for issuing false and misleading information to investors about the financial and business condition of the Company and its lack of internal

controls. On May 31, 2011, NASDAQ halted trading in the Company's stock. Following the trading halt, numerous other red flags of fraud became known to the market, including the resignation of certain of the Company's directors, allegations that the Company was not cooperating with an internal investigation, and allegations suggesting that Jiangbo is much smaller than it represented to investors during the Class Period, including questions about the legitimacy of the Company's bank accounts.

The related actions allege that when the adverse information entered the market the price of Jiangbo's stock fell damaging investors.

## **ARGUMENT**

**I.    THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

Section 21D(a)(3)(B) of the PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the
relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Mr. Long satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.   MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Mr. Long has timely filed this motion pursuant to the PSLRA early notice (Rosen Decl. Ex. 1). Mr. Long has also submitted a certification attesting to his willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Rosen Decl., Ex. 2. Accordingly, Mr. Long satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.   MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates LLC,* 184 F.R.D. at 692. In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of these factors in determining the largest financial interest, the financial loss is the most significant factor. *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate

loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Mr. Long purchased 10,177 Jiangbo shares during the Class Period at a cost of $92,610.70. He still holds these shares and thus suffered losses of $90,168.22. *See* Rosen Decl. Ex. 3.[1] Accordingly, Mr. Long satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 49 (*citing Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

---

[1] For held shares, Movant uses $.24/share, the price of JGBO stock as of September 13, 2011— in part because the Company's stock had been halted from the end of the Class Period through August 3, 2011.

Mr. Long fulfills all of the requirements of Rule 23. He shares substantially similar questions of law and fact with the members of the class and his claims are typical of those of the members of the class. Mr. Long and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Jianbo's financial condition and business prospects and by omitting material information concerning, *inter alia*, the Company's true financial condition. Mr. Long, as did all of the members of the class, purchased Jiangbo securities at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Long and other class members, as well as its strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. THE MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Mr. Long as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mr. Long's ability and desire to fairly and adequately represent the class have been discussed in Section C, above. Movant is not aware of any unique defenses defendants could

raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Long has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) appointing Henry Long as Lead Plaintiff for the class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

                                                Respectfully submitted,

Dated: September 14, 2011                **THE ROSEN LAW FIRM, P.A.**

                                                /s/ Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
275 Madison Avenue, 34th Floor
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this on the 14th day of September 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  /s/ Laurence Rosen