UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22556-CIV-COOKE/Turnoff

PHILIPPE LAGACE, individually and
on behalf of all others similarly situated,

       Plaintiffs,

v.

JIANGBO PHARMACEUTICALS, INC.,
JIN LINXIAN, ELSA SUNG, ZILING SUN,
CAO WUBO, FENG XIAOWEI, HUANG LEI,
GE JIAN, MICHAEL MARKS, and
JOHN WANG,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the following filings: Michael Trokel's Motion for

(1) Appointment as Lead Plaintiff and (2) Approval of Lead Plaintiff's Selection of Lead Counsel

(ECF No. 7), Notice and Motion of Christopher Brophy and Tara Lewis for Appointment as Lead

Plaintiffs and Approval of Selection of Lead Counsel (ECF No. 12), Henry Long's Motion to (1)

Appoint Lead Plaintiff and (2) Approve Lead Plaintiff's Selection of Lead Counsel (ECF No. 15),

Henry Long's Notice of Withdrawal of Opposition to Competing Lead Plaintiff Motions (ECF No.

31), and Christopher Brophy and Tara Lewis' Notice of Non-Opposition to Their Motion for

Appointment as Lead Plaintiffs and Approval of Selection of Lead Counsel (ECF No. 32). This case

was referred to the undersigned for pretrial matters by the Honorable Marcia G. Cooke, United States

District Judge for the Southern District of Florida. (ECF No. 4). The Court has considered all of the

various filings, the applicable law, and is otherwise duly advised in the premises.

## Factual Background

Pending before the court are two securities class actions against Jiangbo Pharmaceuticals, Inc. ("Jiangbo"), and certain of its officers and directors brought by a putative class of investors for violations of Section 10(b), Securities Exchange Commission Rule 10b-5 thereunder, and Section 20(a) of the Securities and Exchange Act of 1934 (the "Act"). The first case, styled as <u>Lagace v. Jiangbo Pharmaceuticals, Inc., et al.</u>, 11-CV-22556-MGC, was filed by the Rosen Law Firm on July 15, 2011. The second case, styled as <u>Lewis v. Jiangbo Pharmaceuticals, Inc., et al.</u>, 11-CV-22788-MGC, was filed by Milberg, LLP, and Wohl & Fruchter, LLP, on August 2, 2011. On August 31, 2011, the Court entered an order consolidating the cases under the Case No. 11-22556. (ECF No. 6).

Jiangbo is a pharmaceutical company based in the People's Republic of China that purportedly engages in research, development, production, marketing and sales of pharmaceutical products. Jiangbo began trading on the NASDAQ exchange in June of 2010. On May 31, 2011, NASDAQ halted trading in Jiangbo's stock upon disclosures of serious financial misconduct.

Plaintiff Phillip Lagace brought this action against Jiangbo and its officers and directors alleging that Defendants' misrepresentations and omissions caused him and others to purchase Jiangbo stock at artificially high prices resulting in damages. (ECF No. 1).[1] The Complaint plead a securities fraud claim against all Defendants under Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, as well as a controlling persons claim against the officers and directors of Jiangbo under Section 20(a) of the Act. Plaintiff sought to represent his own

---

[1]References to the docket pertain to the consolidated case under Case No. 11-22556.

claims as well as those of all persons who purchased Jiangbo securities between May 17, 2010, and May 31, 2011 ("the class period") and were damaged thereby.

After the cases were consolidated, Plaintiffs Michael Trokel, Christopher Brophy and Tara Lewis jointly, and Henry Long, each moved to be appointed as lead plaintiff in this action and to have their selection of lead counsel approved. (ECF No. 7, 12, 15). See 15 U.S.C.A. § 78u-4(a)(3)(B)(i), (v) (West 2009) (requiring the court, in proposed securities class action, to appoint lead plaintiff and approve lead counsel).

Trokel claimed losses of $53,717.00 resulting from the purchase of 10,100 shares of Jiangbo securities during the class period. Trokel is represented by the law firm of Faruqi & Faruqi, LLP. Brophy and Lewis claimed losses of $293,459.00 based upon the respective purchase of 58,175 and 16,800 shares of Jiangbo securities during the class period. Brophy and Lewis are represented by the law firms of Milberg, LLP, and Wohl & Fruchter, LLP. Long claimed losses of $90,168.22 based upon the purchase of 10,177 Jiangbo shares during the class period. Long is represented by the Rosen Law Firm.

After submitting briefs on the competing Motions, Trokel advised the court that he took no position as to whether the competing movants who claimed larger financial losses had a larger financial interest, whether the competing movants had met the requirements of Rule 23, and whether they should be appointed lead plaintiff or whether their attorneys should be appointed lead counsel. (ECF No. 21). Long filed a Notice of Withdrawal of Opposition to Competing Lead Plaintiff Motions indicating that he was withdrawing his opposition to Brophy and Lewis' Motion to be appointed lead plaintiff and for approval of its selection of lead counsel. (ECF No. 31). Finally, Brophy and Lewis filed a Notice of Non-Opposition to Their Motion for Appointment as Lead

Plaintiffs and Approval of Selection of Lead Counsel. (ECF No. 32). The Notice of Non-Opposition indicated that Brophy and Lewis' Motion was now unopposed.

### Discussion

Under the Private Securities Litigation Reform Act ("PSLRA"), the plaintiff who files the initial action alleging violation of the Securities Act must publish notice to the class within 20 days after filing the complaint, informing the class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C.A. § 78u-4(a)(3)(A)(i)(II). The court must then consider any competing motions and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." § 78u-4(a)(3)(B)(I). To facilitate this determination, the PSLRA employs a rebuttable presumption that the most adequate plaintiff is that person, or group of persons, who "has either filed the complaint or made a motion in response to a notice, § 78u-4(a)(3)(B)(iii)(I)(aa), "has the largest financial interests in the relief sought," § 78u-4(a)(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," § 78u-4(a)(3)(B)(iii)(I)(cc), in terms of typicality and adequacy. The presumption may be rebutted upon proof that the presumptive lead plaintiff (a) "will not fairly and adequately protect the interests of the class," § 78u-4(a)(3)(B)(iii)(II)(aa), or (b) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II)(bb).

Subject to court approval, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class. Piven v. Sykes Enters., Inc., 137 F.Supp.2d 1295, 1306 (M.D. Fla. 2000) (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). Although the statute offers no guidance in making this determination, where a law firm "has successfully prosecuted securities class action litigations in the

past," courts generally will not "interfere with the Lead Plaintiff's choice of counsel . . . ." Miller v.
Dyadic Intern., Inc., No. 07-80948-CIV, 2007 WL 4754041, at *2 (S.D. Fla. Dec. 14, 2007).

Although the other competing Plaintiffs may meet these requirements, because they now
support Brophy and Lewis' request for appointment as lead Plaintiffs, the court will focus its analysis
only on Brophy and Lewis.

In this case, Plaintiffs Brophy and Lewis meet the first requirement under the PSLRA
because they timely moved for appointment as lead plaintiffs. They also meet the third requirement
in that they satisfy the conditions of Rule 23. Their claims are typical of the claims of the rest of the
class in that they "arise from the same event or pattern or practice and are based on the same legal
theory." Kornberg v. Carnival Cruise Lines, inc., 741 F.2d 1332, 1337 (11th Cir. 1984). Like the
members of the class, Brophy and Lewis alleged that, during the class period, they purchased Jiangbo
securities at an inflated price due to Defendants' misrepresentations and omissions causing Plaintiffs
to lose money. Moreover, it appears that Brophy and Lewis "will fairly and adequately protect the
interests of the class." Fed. R. Civ. P. 23(a)(4). The record reflects no "substantial conflicts of
interest" between Brophy and Lewis and the putative class members, and Brophy and Lewis's filings
demonstrate that they "will adequately prosecute the action." See Valley Drug Co. v. Geneva Pharm.,
Inc., 350 F.3d 1181, 1189 (11th Cir. 2003) (internal quotations omitted).

### Approval of Lead Counsel

Brophy and Lewis also seek approval of their selection of lead counsel to represent the
proposed class. See 15 U.S.C.A. § 78u-4(a)(3)(B)(v). Brophy and Lewis have retained the law firms
of Milberg, LLP, and Wohl & Fruchter, LLP, to serve as lead counsel.

Courts usually take a deferential approach in reviewing the lead plaintiff's selection of class

counsel. See In re Cendant Corp. Litig., 264 F.3d 201, 274 (3d Cir. 2001). A review of the record in this case indicates that the firms proposed by Brophy and Lewis have extensive experience representing plaintiffs in securities class actions and other complex litigation. These firms are qualified to represent the proposed class as Lead Counsel. Miller, 2007 WL 4754041, at *2 (where Lead Plaintiff's attorney had "successfully prosecuted securities class action litigations in the past" the court declined to interfere with the Lead Plaintiff's choice of counsel); Molema v. Bio-One Corp., 2006 WL 1733859, *3 (M.D. Fla. Jun. 20, 2006) (where the court found the resume of the proposed firm demonstrated that it was "well-versed in the vagaries of securities class action litigation," court deemed class would be "well-represented by the firm and recommended their appointment).

The undersigned notes a concern with regard to the possible duplication of services by having more than one firm represent Plaintiffs in this action. See, e.g., In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 4118 (D.N.J. 1998) ("The potential for duplicative services and the concomitant increase in attorney's fees works against the approval of multiple lead counsel."); see also, 15 U.S.C.A. § 78u-4(a)(6) (specifying only that class counsel's fee award "shall not exceed a reasonable percentage" of recovery paid to the class). However, the proposed class may benefit from the combined expertise and shared resources of these firms. At this time, the Court cannot determine whether representation by multiple firms will be contrary to the best interests of the proposed class. Notwithstanding, the Court urges counsel to work efficiently in representing the proposed class. The Court approves of Brophy and Lewis' selection of lead counsel.

### Conclusion

No evidence has been submitted to the Court to rebut the presumption that Brophy and Lewis

are the most adequate candidates to be appointed as Lead Plaintiffs, or that they cannot fairly and adequately protect the interests of the class, or that they are subject to some unique defenses that would render them incapable of adequately representing the class. All of the Plaintiffs competing for appointment as Lead Plaintiff agree that Brophy and Lewis have the largest financial interest and are, thus, the presumptive Lead Plaintiffs. Moreover, it appears that the law firms selected by Brophy and Lewis as lead counsel are competent to represent the proposed class in this securities class action litigation.

Accordingly, based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Michael Trokel's Motion for (1) Appointment as Lead Plaintiff and (2) Approval of Lead Plaintiff's Selection of Lead Counsel (ECF No. 7) is **DENIED**;

2. Notice and Motion of Christopher Brophy and Tara Lewis for Appointment as Lead Plaintiffs and Approval of Selection of Lead Counsel (ECF No. 12) is **GRANTED**; Christopher Brophy and Tara Lewis shall serve as Lead Plaintiffs and their counsel, Milberg, LLP, and Wohl & Fruchter, LLP, shall serve as Lead Counsel; and

3. Henry Long's Motion to (1) Appoint Lead Plaintiff and (2) Approve Lead Plaintiff's Selection of Lead Counsel (ECF No. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on this ___ day of November 2011.

WILLIAM C. TURNOFF
United States Magistrate Judge

cc: Hon. Marcia G. Cooke
    Counsel of Record