UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1l-22556-Civ-COOKE/TURNOFF

PHILIPPE LAGACE, Individually and On
Behalf of All Others Similarly Situated,

CLASS ACTION

    Plaintiff,

  v.

JIANGBO PHARMACEUTICALS, INC.,
JIN LINXIAN, ELSA SUNG, ZILING
SUN, CAO WUBO, FENG XIAOWEI,
HUANG LEI, GE JIAN, MICHAEL
MARKS, and JOHN WANG,

    Defendants.    /

UNOPPOSED MOTION TO DEFER COMPLIANCE WITH THIS COURT'S
AUGUST 10, 2011 ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant Elsa Sung ("Sung"), by and through her undersigned counsel, respectfully moves this Court to enter an Order deferring compliance with this Court's August 10, 2011 order [D.E. 5] until thirty (30) days after this Court's disposition of Sung's anticipated motion to dismiss and as grounds therefore states:

    1.    This Court's August 10, 2011 order requires the parties to, among other things: (1) meet in person for a scheduling conference to (a) develop a discovery plan, (b) make or arrange for the disclosures required under Rule 26(a)(1), (c) determine the appropriate case management track, and (d) discuss settlement; and (2) file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)(2). The deadline for the in person scheduling conference is November 4, 2011.

    2.    By orders dated September 23, 2011 [D.E. 19] and October 13, 2011 [D.E. 30], respectively, lead plaintiff must file a Consolidated Amended Complaint within 15 days of this Court's ruling on the Lead Plaintiffs' Motions, and Sung must respond to the Consolidated

Amended Complaint within 30 days of its filing. Today, this Court entered an order naming Christopher Brophy and Tara Lewis as Lead Plaintiffs and Milberg, LLP and Wohl & Fruchter, LLP as Lead Counsel. Thus, the Consolidated Amended Complaint is due by November 16, 2011. Sung intends to file a motion to dismiss the Consolidated Amended Complaint.

3. This securities action is subject to the Private Securities Litigation Reform Act (the "PSLRA"). The provisions of the PSLRA impose a mandatory stay of discovery pending the resolution of any motion to dismiss. *See* Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 [15 U.S.C. §78U-4(b)(3)(B)]. The reforms under the PSLRA, including the mandatory stay of discovery, were designed to ensure that defendants, like Sung, would not have to incur the significant expense of discovery before the Court has determined that plaintiffs have stated a viable securities claim. *See, e.g., In re Sportsline.com Sec. Litig.*, 366 F. Supp. 2d 1159 (S.D. Fla. 2004); *Power v. Williams*, No. 3:09-cv-594-J-20HTS, 2010 WL 431921 at *1 (M.D. Fla. Feb. 5, 2010).

4. Requiring the parties to comply with the Court's August 10, 2011 order before the Consolidated Amended Complaint is filed and before the resolution of Sung's anticipated motion to dismiss would circumvent the goals of the PSLRA. Moreover, it would be more economical, judicially efficient and conserve the parties' resources to defer compliance with the Court's August 10, 2011 order until after the Court has ruled on the anticipated motion to dismiss.

5. This motion is made in good faith and is not for the purpose of gaining undue advantage or delaying these proceedings. Granting the requested relief will promote the efficient resolution of this litigation, in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1.

Case No. 1l-22556-Civ-COOKE/TURNOFF

WHEREFORE Defendant Sung respectfully requests that the Court enter an order deferring the parties' compliance with the Court's August 10, 2011 order until thirty days after its resolution of Sung's anticipated motion to dismiss.

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for Defendant Sung has made reasonable efforts to confer with all parties who may be affected by the relief sought in this motion. Lead Plaintiffs' Counsel does not object to this motion. Because no counsel has made an appearance for the remaining Defendants, who are believed to reside in China, I was unable to determine whether the other Defendants consent to the requested relief.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Counsel for Elsa Sung*
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799


By: /s/Tracy Nichols
    Tracy Nichols
    Florida Bar No. 454567
    tracy.nichols@hklaw.com
    Louise McAlpin
    Fla. Bar No. 983810
    louise.mcalpin@hklaw.com

Case No. 1l-22556-Civ-COOKE/TURNOFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that On November 1, 2011, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| Christopher S. Polaszek<br>**MILBERG LLP**<br>201 North Franklin Street<br>Suite 3200<br>Tampa, FL 33602 | Laurence M. Rosen<br>**THE ROSEN LAW FIRM, P.A.**<br>275 Madison Avenue<br>34th Floor<br>New York, NY 10118 |
| Andrei V. Rado<br>Kristi Stahnke McGregor<br>Jessica J. Sleater<br>**MILBERG LLP**<br>One Pennsylvania Plaza<br>49th Floor<br>New York, NY 10119 | Emily C. Komlossy<br>**FARUQI & FARUQI, LLP**<br>3595 Sheridan Street<br>Suite 206<br>Hollywood, FL 33021 |
| Ethan D. Wohl<br>Krista T. Rosen<br>**WOHL & FRUCHTER LLP**<br>570 Lexington Avenue<br>16th Floor<br>New York, NY 10022 | Antonio Vozzolo<br>Richard W. Gonnello<br>Francis P. McConville<br>**FARUQI & FARUQI, LLP**<br>369 Lexington Avenue<br>10th Floor<br>New York, NY 10017 |

#10720598_v3