UNITED STATES DISTRICT COUT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  11-22556-CIV-COOKE/TURNOFF

In re: JIANGBO PHARMACEUTICALS,
INC. SECURITIES LITIGATION,

_____/

**DEFENDANT CFO ONCALL, INC.'S MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT AND INCORPORATED
MEMORANDUM OF LAW**

Law Offices of Mark C. Perry, P.A.
Attorneys for Defendant CFO ONCALL, INC.
2400 East Commercial Boulevard
Ft. Lauderdale, FL   33308
Tel. (954) 351-2601
Fax (954) 351-2605
Email: markperryesq@yahoo.com
Mark C. Perry
Fla. Bar No.: 251941

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 2 of 10

Jiangbo vs. CFO ONCALL                                                    CASE NO:  11-22556-CIV-COOKE/TURNOFF

## MOTION TO DIMSISS AND MEMORANDUM

Defendant CFO ONCALL, INC. (hereinafter "CFO Oncall") by and through its undersigned counsel, moves to dismiss the Consolidated Amended Complaint ("Amended Complaint") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## ADOPTION OF MOTION TO DISMISS OF ELSA SUNG AND BRIEF STATEMENT OF ACTS

CFO ONCALL hereby adopts in its entirety where appropriate the Motion by Defendant Elsa Sung ("Sung") to Dismiss the Consolidated Amended Complaint and Incorporated Memorandum of Law (DE 51).  CFO ONCALL has reiterated portions of said Memorandum in this Memorandum.  The arguments presented by Sung are equally applicable to CFO ONCALL since Plaintiffs' theory of liability is that Sung was outsourced to Jiangbo Pharmaceuticals Inc. (Jiangbo) by CFO ONCALL, who is liable to Plaintiffs based upon theories of Respondeat superior or agency. (¶ 10, Amended Complaint)

Plaintiff alleges Sung was Jiangbo's CFO from October 2007 to the date of her resignation effective March 2011.  (¶ 73, Amended Complaint).  As stated in Sung's Motion to Dismiss, she was "initially on assignment from her then employer CFO ONCALL, INC. . .  and then, as of June 2008 she became an employee of Jiangbo. (See 2010 10-K at 57, Form 8K (June 12, 2008) (attached as Exhibit 2 to Sung's Motion).  Plaintiffs allege that the action has been brought on behalf of a Class "consisting of all those who purchased or otherwise acquired Jiangbo's securities in the open market between June 8, 2010 and May 31, 2011.  (¶ 1, Amended Complaint).  Jiangbo did not begin trading on the NASDAQ Global Market Stock Exchange until June 2010.  (¶5, Amended Complaint).

Case 1:11-cv-22556-MGC Document 60 Entered on FLSD Docket 01/12/2012 Page 3 of 10

Jiangbo vs. CFO ONCALL                                    CASE NO: 11-22556-CIV-COOKE/TURNOFF

Plaintiff has attached to the Amended Complaint as Exhibit A, a resignation letter authored by Michael Marks, Chair of the Audit Committee and Jon Wang, Member of the Audit Committee of Jiangbo. (¶24). A review of Exhibit A reveals that the "months of unanswered questions, unpaid bills and management deception, the Company's explicit refusal to cooperate with the Audit Committee's investigation . . ." took place between April 19, 2011 and June 3, 2011 according to the dated chronology set forth in Exhibit A. (¶24, Amended Complaint, Exhibit A).

Plaintiff alleges that during the Class Period, Defendant Sung signed various documents that the Company filed with the SEC. Plaintiff lists various filings of documents allegedly signed by Sung during the Class Period. (¶73). No documents are listed during the time frame in which Sung was outsourced by CFO ONCALL to Jiangbo which was from October 2007 to June 2008.

Plaintiffs have devoted a section of the Amended Complaint to CFO ONCALL. (See D. ¶¶'s 82-88). For the most part, the allegations have no bearing on Plaintiffs' claims. Plaintiffs allege "CFO ONCALL provided Jiangbo with "Contract CFO services, such as SEC reporting and compliance, the preparation of year end interim financial statements and the preparation of SEC Forms 10K and 10Q." Plaintiffs did not allege the date of these filings; whether they were filed during the Class Period nor do they seek to impose liability against CFO ONCALL for these filings. (¶85, Amended Complaint).

Plaintiffs allege Jiangbo's CFO, Defendant Sung, while employed by CFO ONCALL, handled many complex and crucial tasks on behalf of the Company, such as:

- preparing, filing and signing key financial documents, filed with the SEC, such as those on Form 10-K, Form 10-Q, and Form 8-K;

Case 1:11-cv-22556-MGC Document 60 Entered on FLSD Docket 01/12/2012 Page 4 of 10

Jiangbo vs. CFO ONCALL                                   CASE NO: 11-22556-CIV-COOKE/TURNOFF

- providing lengthy, and complex, presentations of financial information during earnings teleconferences with investors;

- fielding, and answering, investors' complex questions during earnings teleconferences; and

- acting as interpreter for Defendant Jin, and other Jiangbo managers, during those teleconferences.

Plaintiffs allege in paragraph 88: "Under common theories of agency and respondeat superior, CFO ONCALL is responsible for the false and/or misleading statements pertaining to Jiangbo that Defendant Sung disseminated to the investing public during the Class Period in her capacity as both CFO of Jiangbo and an employee of CFO ONCALL."

Plaintiff does not allege when Sung handled the complex and crucial tasks but only while employed by CFO ONCALL. Since Sung was outsourced from CFO ONCALL at best from October 2007 to date of her direct employment of Jiangbo in June of 2008, it must be inferred that time is the time period to which Plaintiffs allude. (See also 8-K filed on June 12, 2008, (*The Company and Ms. Sung executed an Employment Agreement effective as of June 10, 2008*. See **Exhibit "A"** to this Motion to Dismiss). This however is not within the time frame of the Class Period, which as stated above, was June 8, 2010 to May 31, 2011.

## SUMMARY OF ARGUMENT

In addition to the grounds for dismissal set forth in the Sung Memorandum, Plaintiff has failed to state a cause of action against CFO ONCALL based upon respondeat superior or agency. These are Plaintiffs' only two theories of liability against CFO ONCALL. As Sung was not an agent of or under the control of CFO ONCALL during the Class Period or at any time of the alleged misconduct, there can be no liability imposed against CFO ONCALL.

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 5 of 10

Jiangbo vs. CFO ONCALL                                              CASE NO:  11-22556-CIV-COOKE/TURNOFF

## ARGUMENT

**I.      Plaintiffs fail to state a cause of action under Agency or Respondeat Superior**

As stated above, Sung was not an employee of CFO ONCALL from June 10, 2008 to the date of her resignation effective March 31, 2011, but as revealed in the public filings of Jiangbo was a direct employee of Jiangbo during this time period. Plaintiffs have not alleged that subsequent to Sung's direct employment with Jiangbo on June 10, 2008, whether she was also in the employ of CFO ONCALL. She was not outsourced by CFO ONCALL to Jiangbo during the Class Period and the alleged acts of wrongdoing Plaintiffs attributes to her did not happen while she was outsourced by CFO ONCALL. In order to hold employer liable for actions of an employee on an agency theory, Plaintiffs must allege that Sung's conduct was in furtherance of CFO ONCALL's business or within the scope of duties she was to exercise for CFO ONCALL. *See Friedman v. Mutual Broadcasting System,* 380 So.2d 1313 (Fla. 3rd DCA 1980).

In order to establish liability based on the theory of vicarious liability or respondent superior, Plaintiff must establish liability on the part of the employee. *Buettner v. Cellular One, Inc*., 700 So.2d 48 (Fla. 1st DCA 1997). Accordingly, there can be no liability under either of these two theories. As shown above, Sung was not employed by or an agent of CFO ONCALL from June 10, 2008 to her resignation in March of 2011 nor do Plaintiffs allege any misconduct attributable to Sung prior to June 2008 to October 2007 when Sung was outsourced by CFO ONCALL.

**II.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST CFO ONCALL FOR LIABILITY UNDER SECTION 10(b).**

As argued by Sung, in order to state a securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934, a plaintiff must show: (1) a misstatement or omission;

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 6 of 10

Jiangbo vs. CFO ONCALL                                      CASE NO:  11-22556-CIV-COOKE/TURNOFF

(2) of a material fact; (3) made with scienter; (4) on which the plaintiff justifiably relied; and (5) that proximately caused the Plaintiffs' injury. *Bryant*, 187 F.3d at 1281. Congress significantly heightened the pleading standards for Section 10(b) claims when it passed the PSLRA. First, the plaintiff must identify "each statement alleged to have been misleading" and provide the specific reasons why each statement was misleading. 15 U.S.C. §78u-4(b)(1). Second, for each alleged misrepresentation or omission, the plaintiff must "state with particularity the facts giving rise to a strong inference that the defendant acted with the required state of mind [*i.e.*, scienter]." 15 .S.C. §78u-4(b)(2).

> **A. Plaintiffs' Claims Lack the Necessary Particularity and Fail to Sufficiently Plead Facts Demonstrating that the Challenged Statements Were False.**

Plaintiffs have failed to support their Section 10(b) claim with the necessary facts or to state with the requisite level of particularity why each alleged representation or omission was false or misleading.

> **III. The Amended Complaint Fails to Adequately Plead Loss Causation.**

Again as argued by Sung, the Section 10(b) claim must also be dismissed against CFO Oncall because it fails to sufficiently allege that Plaintiffs (and the class of investors they purport to represent) incurred an economic loss as a result of the alleged misrepresentations or omissions. To make out a claim under Section 10(b), a plaintiff must adequately plead "loss causation," which is the "causal connection between the [material] misrepresentation and the economic loss." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345 (2005); *see also* 15. U.S.C. §78u-4(b)(4). For a stock price to decline as a result of allegedly-fraudulent conduct, the fraudulent conduct must be publicly disclosed. *See id*. at 342 (noting that investor suffers no loss

6

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 7 of 10

Jiangbo vs. CFO ONCALL                                              CASE NO:  11-22556-CIV-COOKE/TURNOFF

"before the relevant truth begins to leak out").  The revelation of truth – the moment when the alleged misstatements or omissions become public – is called a "corrective disclosure."

Here, Plaintiffs have not adequately pled loss causation.  *See Meyer v. St. Joe Co.*, 5:11-cv-27/RS-EMT, 2011 WL 3750324, at *3 (N.D. Fla. Aug. 24, 2011) ("Plaintiff has the burden of proving that the act or omission of the Defendants 'caused the loss for which [P]laintiff seeks to recover damages.'").  Plaintiffs allege that they acquired Jiangbo stock during the Class Period at artificially inflated prices, but an "'artificially inflated purchase price' is not itself a relevant economic loss."  *Dura,* 544 U.S. at 347; *see also Teacher's Ret. Sys. Of Louisiana v. Hunter*, 477 F.3d 162, 186 (4th Cir. 2007) ("[A] plaintiff does not state a claim upon which relief can be granted. . . by simply alleging that the plaintiff purchased defendant's stock at an 'artificially inflated purchase price' and thereby sustained damages.").  To sufficiently plead loss causation, a plaintiff must also allege that the fraud that purportedly caused the stock price to trade at artificially inflated prices was subsequently revealed to the market, and as a result of that disclosure, the stock price dropped to its "true" value.  *In re TECO Energy, Inc. Sec. Litig.*, No. 8:04-CV-1948, 2006 WL 845161, at *2 (M.D. Fla. Mar. 30, 2006) ("Establishing a connection between a drop in stock price and the disclosure of the 'truth' about a defendant's previous misstatement or omission is essential in pleading loss causation . . ."); *In re Paincare Holdings Sec. Litig.*, No. 6:06-cv-362, 2007 WL 1229703, at *8 (M.D. Fla. Apr. 25, 2007) ("[To] sufficiently plead loss causation, a plaintiff must allege a disclosure or revelation of truth about a defendant's prior misstatement or omission that is in some way connected with a stock price drop.").

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 8 of 10

Jiangbo vs. CFO ONCALL                                    CASE NO:  11-22556-CIV-COOKE/TURNOFF

As more specifically set forth in the Sung Motion to Dismiss, the events alleged in the Amended Complaint do not satisfy the loss causation requirement because they did not reveal Plaintiffs' theories of alleged fraud and are not corrective disclosures.

### Conclusion

For the reasons set forth herein and in the Sung Memorandum incorporated herein, Plaintiffs' Amended Complaint should be dismissed.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **January 12, 2012**, I electronically filed the foregoing, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the attached Service List in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are authorized to receive electronically Notices of Electronic Filing.

> Law Offices of Mark C. Perry, P.A.
> Attorneys for Defendant CFO ONCALL, INC.
> 2400 East Commercial Boulevard
> Ft. Lauderdale, FL   33308
> Tel. (954) 351-2601
> Fax (954) 351-2605
> Email: markperryesq@yahoo.com
>
> By:_____/S/_____
>      Mark C. Perry
>       Fla. Bar No.: 251941

cc:  Client

Case 1:11-cv-22556-MGC   Document 60   Entered on FLSD Docket 01/12/2012   Page 9 of 10

Jiangbo vs. CFO ONCALL                                    CASE NO:  11-22556-CIV-COOKE/TURNOFF

## SERVICE LIST

Christopher S. Polaszek, Esq.
Milberg LLP
201 North Franklin Street
Suite 3200
Tampa, FL   33602
Attorney for Plaintiff
Email:  cpolaszekA@milberg.com
Tel. (813) 367-5713
Fax (561) 892-8164

Kristi Stahnke McGregor
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, NY   10119
Tel. (212) 594-5300
Fax (212) 868-1229
Email: kmcgregor@milberg.com

Blake Sando, Esq.
Cole, Scott & Kissane, P.A.
9150 S. Dadeland  Boulevard
Suite 1400
Miami, FL   3316
Tel. (305) 350-5365
Fax (305) 373-2294
Email: blake.sando@csklegal.com
Attorneys for Defendants Frost, PLLC and Frazer, LLP

Ethan D. Wohl
Wohl & Fruchter LLP
570 Lexington Avenue, 16th Floor
New York, NY   10022
Tel. (212) 758-4000
Fax (212) 758-4004
Email: ewohl@Awohlfructer.com
Attorneys for lead Plaintiffs and the Proposed Class

*Service List Continued on Next Page*

Case 1:11-cv-22556-MGC Document 60 Entered on FLSD Docket 01/12/2012 Page 10 of 10

Jiangbo vs. CFO ONCALL                                    CASE NO: 11-22556-CIV-COOKE/TURNOFF

## CONTINUATION SERVICE LIST

Tracy Nichols, Esq.
Louise McAlpin, Esq.
Holland & Knight, LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel. (305) 374-8500
Fax (305) 789-7799
Attorneys for Defendant Elsa Sung
Email: tracy.nichols@hklaw.com
Email: louise.mcalpin@hklaw.com